## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

PHILIP T. LOWERY,

     Plaintiff,

vs.                         CASE NO. 5:08cv289/RS/EMT

LOUIS S. ROBERTS, III, in his
official capacity as Sheriff,
Jackson County, Florida,

     Defendant.

_____/

## ORDER

     Before me are Defendant's Motion for Summary Judgment (Doc. 26) and

Plaintiff's Response and Memorandum of Law in Opposition to Defendant's

Motion for Summary Judgment (Doc. 35).

## I. STANDARD OF REVIEW

     The basic issue before the court on a motion for summary judgment is

"whether the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252, 106 S. Ct. 2505, 2512

(1986).  The moving party has the burden of showing the absence of a genuine

issue as to any material fact, and in deciding whether the movant has met this

burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S. Ct. 1598 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).  However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251, 106 S. Ct. at 2512).

## II. FACTS

Plaintiff worked in law enforcement at Eglin Air Force Base from 1981 to 1986.  He retired from the military, and worked for the Ft. Walton Police Department and the Okaloosa County Sheriff's Department for ten years.  Then, he started working for Defendant.  Plaintiff has received extensive training in law enforcement and received numerous awards.  Plaintiff brought this suit against Defendant for failing to promote him for seven different positions.  The seven

promotions at issue include (with the names of the successful candidates shown in parenthesis):

(1)     June 2, 2006 Lieutenant (Burch);

(2)     June 6, 2006 Sergeant (Ward);

(3)     June 29, 2006 Lieutenant (Hodges);

(4)     June 29, 2006 Sergeant (Fowler);

(5)     October 30, 2006 Investigator (Ham);

(6)     January 17, 2007 Sergeant (Basford); and

(7)     January 18, 2007 Sergeant (Burkes).

At the time of all these promotions, Plaintiff was over the age of forty. Defendant uses an informal promotion process relying on personal knowledge about the deputies and input from supervisors.  In determining who to promote, Defendant considers initiative, loyalty and "leading the charge."  Defendant asserts Plaintiff was not promoted because of his "reticence to respond to calls and lack of assertiveness." (Doc. 28, p. 11), but provides no specific examples.

### III. STATUTE OF LIMITATIONS

Defendant points out that Plaintiff can only sustain his claim for those promotions occurring after May 15, 2006, due to the statute of limitations. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118, 122 S. Ct. 2061,

2075 (2002).  Plaintiff only makes an argument for seven promotions, all of which occurred after May 15, 2006.  Therefore, there appears to be agreement on this issue.

## IV. APPLICABLE LAW

Plaintiff filed his age discrimination claim under both the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act. Both parties agree that these two statutes are interpreted identically. *See Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).

In order to overcome summary judgment, Plaintiff must first establish a prima facie case of age discrimination; then the burden shifts to Defendant to produce evidence that his actions were based on legitimate, nondiscriminatory reasons. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 2106 (2000).  Once Defendant produces sufficient evidence to support a nondiscriminatory explanation for its decision, Plaintiff must prove by a preponderance of the evidence that the legitimate reasons offered by Defendant were not its true reasons, but were a pretext for discrimination. *Id.*

# V. ANALYSIS

## a. Plaintiff's Prima Facie Case

Plaintiff may establish a prima facie case of age discrimination for failure to promote by demonstrating that he (1) was a member of the group of persons aged forty to seventy at the time he was denied a promotion; (2) that he applied for one or motion positions for which he was qualified; (3) that he did not receive any of the promotions for which he applied; and (4) and that substantially younger employees who were equally or less qualified than the plaintiff received the positions. *Chapman v. AI Transport*, 229 F.3d 1012, 1043 (11th Cir. 2000).

It is undisputed that the first and third requirements of the prima facie case are satisfied.  Both parties agree that Plaintiff was over the age of forty at the time he was denied seven promotions for which he applied.  However, Defendant argues that Plaintiff cannot demonstrate he was qualified for the promotions or that those who received the promotions were equally or less qualified.  Plaintiff discusses in full detail his exemplary employment record spanning over thirty years and many awards associated with law enforcement.  Plaintiff also created a chart showing specific instances where those receiving the seven promotions in question had documented policy violations, misconduct, or arrests. (Doc 32-21).

Defendant admits that he did not use a formal promotion process but relied on personal knowledge of the deputies and input from supervisors.  In determining who to promote, Defendant considered initiative, loyalty and "leading the charge." This is clearly a subjective standard requiring a higher scrutiny than objective reasons. *See Chapman v. AI Transport*, 229 F.3d 1012, 1044 (11th Cir. 2000) (*citing Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 644 (11th Cir. 1998).  An employer seeking to defeat the plaintiff's prima facie case cannot rely on subjective criteria to prove that the plaintiff was less qualified than the applicant chosen for the promotion because the subjective criteria does not allow for a meaningful comparison. *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 644 (11th Cir. 1998).  When viewing the facts in the light most favorable to Plaintiff, Plaintiff has established a prima facie case of age discrimination for failure to promote. *Id.*

**b. Defendant's Legitimate, Nondiscriminatory Reason**

The burden shifts for Defendant to produce evidence that his actions were based on legitimate, nondiscriminatory reasons. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 2106 (2000).  Defendant claims the legitimate, nondiscriminatory reason for not promoting Plaintiff was his "reticence to respond to calls and lack of assertiveness." (Doc. 28, p. 11).  As

stated previously, Defendant admits that it used a subjective standard for determining promotions.  Where the reasons that the employer offers for rejection are based on purely subjective factors, the defendant's burden is greater. *Chapman v. AI Transport*, 229 F.3d 1012, n.22 (11th Cir. 2000) (*citing Fowler v. Blue Bell, Inc.,* 737 F.2d 1007, 1010-11 (11th Cir. 1984)).  Subjective reasons, by their very nature, often serve to mask discrimination. *Chapman*, 229 F.3d at 1044 (*citing Roberts v. Gadsden Mem'l Hosp.*, 835 F.2d 793, 798 (11th Cir. 1988).

In determining whether Defendant has stated a legitimate, nondiscriminatory reason for his actions, "legitimate" does not refer to the moral value of the nondiscriminatory reason, for "a defendant may ... [refuse to promote] an employee for a good or bad reason without violating federal law." *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999). Instead, "legitimate" requires "[t]he explanation provided must be legally sufficient to justify a judgment for the defendant" and that the defendant must "frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 255-56, 101 S. Ct. 1089, 1094-95 (1981).  In judging whether a subjective reason is legitimate, it must be "capable of objective evaluation." *Conner v. Fort Gordon Bus Co.*, 761 F.2d 1495, 1500 (11th Cir. 1985).

While Plaintiff concedes that Defendant's assertion that Plaintiff was not promoted due to his "reticence to respond to calls and lack of assertiveness" is a legitimate, nondiscriminatory reason for not promoting Plaintiff, I question whether this burden has been met. Defendant's justification is nothing more than a bare conclusion that is not capable of objective evaluation without specific factual instances. However, due to Plaintiff's concession, I will assume Defendant's bare conclusory assertion is a legitimate, nondiscriminatory reason.

**c. Pretext**

The burden shifts back to Plaintiff to prove by a preponderance of the evidence that the legitimate reasons offered by Defendant were not his true reasons, but were a pretext for discrimination. *Chapman v. AI Transport*, 229 F.3d 1012, 1043 (11th Cir. 2000). Plaintiff "may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256, 101 S. Ct. at 1095.

While Defendant suggests a legitimate, nondiscriminatory reason, Defendant fails to provide specific examples of reticence to respond to calls or of lack of assertiveness. The conclusory nature of Defendant's stated reason and Defendant's lack of objective criteria, may be an explanation unworthy of

credence. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511, 113 S. Ct. 2742, 2749 (1993). A reasonable jury could conclude Defendant's failure to provide any specific examples demonstrates that Defendant's claimed "legitimate, nondiscriminatory reason" was merely pretext for discrimination.

## VI. CONCLUSION

Defendant's Motion for Summary Judgment (Doc. 26) is DENIED.

**ORDERED** on May 22, 2009.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**